# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ-CARDONA,<br><br>Petitioner,<br><br>v.<br><br>FCI MENDOTA WARDEN,<br><br>Respondents. | Case No. 1:23-cv-00953-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO FILE COPY OF PETITIONER'S PURPORTED FINAL ORDER OF REMOVAL AND FOR SUPPLEMENTAL BRIEFING |

Petitioner Francisco Rodriguez-Cardona is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 16, 2020, Petitioner pleaded guilty in the United States District Court for the Northern District of Oklahoma to unlawful possession of heroin with intent to distribute and unlawful reentry after prior removal. (ECF No. 10 at 2.)[1] In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers to apply earned time credits ("FTCs" or "ETCs") under the First Step Act ("FSA"). (ECF No. 1.) Petitioner contends that "the BOP refuses to enable him to apply his ETC's because he has an immigration detainer file[d] on or about May 30, 2023." (Id. at 6.) On October 4, 2023, Respondent filed a motion to dismiss the petition, arguing, *inter alia*, that "Petitioner's FSA ETC claim must be jurisdictionally dismissed for lack of constitutional standing and failure to state a claim under law" because "BOP, Department of Homeland Security, and Immigration and

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal'." (ECF
2  No. 10 at 2.) Respondent provides a declaration from a Correctional Programs Administrator for
3  the Western Region of the BOP who declares that he has "reviewed and can verify the existence
4  of the Final Order of Removal, dated December 7, 2017, that BOP obtained through the
5  Department of Homeland Security's Immigration and Customs Enforcement." (ECF No. 10-1 at
6  8.) However, Respondent has not provided the Court with a copy of the final order of removal
7  itself.

8        Under the First Step Act, a "prisoner, except for an ineligible prisoner under
9  subparagraph (D), who successfully completes evidence-based recidivism reduction
10 programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A).
11 "Time credits earned under this paragraph by prisoners who successfully participate in
12 recidivism reduction programs or productive activities shall be applied toward time in prerelease
13 custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, a "prisoner is ineligible to
14 apply time credits under subparagraph (C) if the prisoner is the subject of a final order of
15 removal under any provision of the immigration laws (as such term is defined in section
16 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.
17 § 3632(d)(4)(E)(i).

18       The Court will order Respondent to file a copy of Petitioner's purported final order of
19 removal. See Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts
20 ("Habeas Rules") ("If the petition is not dismissed, the judge may direct the parties to expand the
21 record by submitting additional materials relating to the petition.").[2]

22       Further, the Court finds that supplemental briefing on the following issues would assist
23 the Court in this matter: (1) whether the December 7, 2017 removal order constitutes a "final
24 order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i); and (2) if the fact that this order was
25 previously executed against Petitioner has any impact on the determination regarding whether
26 Petitioner "is the subject of a final order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i).[3]

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Habeas Rule 1(b).
[3] The Court notes that in his plea agreement, Petitioner admitted that he "was last removed from the

Accordingly, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Respondent shall file:
    a. a supplemental brief addressing the issues set forth above;
    b. a copy of Petitioner's final order of removal and any other documents necessary for the resolution of whether Petitioner "is the subject of a final order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i); and
2. Within fourteen (14) days of the date of service of Respondent's supplemental brief and the filing of the copy of the final order of removal, Petitioner may file a response. See Habeas Rule 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.").

IT IS SO ORDERED.

Dated: **December 20, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

United States on December 7, 2017 at Calexico, California." Plea Agreement at 8, United States v. Rodriguez-Cardona, No. 4:19-cr-00215-jed (N.D. Okla. Jan. 16, 2020), ECF No. 71. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."). "When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him unless it has been 'reinstated' by an authorized official." Morales–Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007). "Reinstatement of a prior order of removal is not automatic," and "[o]nly if the requirements of 8 C.F.R. § 241.8(a) and (b) have been satisfied is the alien removable under the previous order." Alcala v. Holder, 563 F.3d 1009, 1013 (9th Cir. 2009) (citations and quotation marks omitted).