# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ-CARDONA, | Case No. 1:23-cv-00953-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DENY RESPONDENT'S MOTION TO DISMISS AS MOOT |
| v. | |
| FCI MENDOTA WARDEN, | |
| Respondent. | (ECF No. 10) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Francisco Rodriguez-Cardona is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends that the petition be dismissed as moot and Respondent's motion to dismiss be denied as moot.

**I.**

**BACKGROUND**

On January 16, 2020, Petitioner pleaded guilty in the United States District Court for the Northern District of Oklahoma to unlawful possession of heroin with intent to distribute and unlawful reentry after prior removal. (ECF No. 10 at 2.[1]) In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  detainers to apply earned time credits ("FTCs" or "ETCs") under the First Step Act ("FSA").
2  (ECF No. 1.) Petitioner contends that "the BOP refuses to enable him to apply his ETC's because
3  he has an immigration detainer file[d] on or about May 30, 2023." (Id. at 6.)

4  On October 4, 2023, Respondent filed a motion to dismiss the petition, arguing, *inter*
5  *alia*, that "Petitioner's FSA ETC claim must be jurisdictionally dismissed for lack of
6  constitutional standing and failure to state a claim under law" because "BOP, Department of
7  Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate
8  Petitioner has a 'final order of removal'." (ECF No. 10 at 2.) Although Respondent provided a
9  declaration from a Correctional Programs Administrator for the Western Region of the BOP that
10 he has "reviewed and can verify the existence of the Final Order of Removal, dated December 7,
11 2017, that BOP obtained through the Department of Homeland Security's Immigration and
12 Customs Enforcement," (ECF No. 10-1 at 8), the Court was not provided with a copy of the final
13 order of removal itself.

14 On December 21, 2023, the Court ordered Respondent to file a copy of the final order of
15 removal and a supplemental brief. (ECF No. 11.)[2] On January 19, 2024, Respondent filed a
16 supplement. (ECF No. 12.) Therein, Respondent informs the Court that "after interagency cross-
17 checks, Respondent determined that on December 15, 2023, Petitioner was released from BOP
18 custody to ICE custody and subsequently removed from the United States to Mexico on
19 December 16, 2023." (Id. at 2 (footnote omitted).)

**II.**

**DISCUSSION**

22 The Court has "an independent duty to consider *sua sponte* whether a case is moot."
23 Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d
24 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases
25 or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-
26 controversy requirement subsists through all stages of federal judicial proceedings," which

---

[2] This order was mailed to Petitioner. However, on January 17, 2024, the order was returned as undeliverable with a notation that Petitioner was no longer at the address.

2

"means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot." Cuviello v. City of Vallejo, 944 F.3d 816, 824 (9th Cir. 2019) (citation omitted). "A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1537 (2018) (citation omitted).

Here, Petitioner asserts that BOP policy is preventing Petitioner from applying his FSA earned time credits toward time in prerelease custody or supervised release. However, Petitioner has been removed from the United States to Mexico. Given that Petitioner is no longer in BOP custody or otherwise in prerelease custody or under supervised release, Petitioner is no longer suffering from an actual injury traceable to Respondent and likely to be redressed by a favorable judicial decision. Accordingly, the Court finds that there is no longer a case or controversy for purposes of Article III and the petition should be dismissed as moot. In light of this determination, the Court will not address the grounds for dismissal set forth in the motion to dismiss and will recommend that Respondent's motion to dismiss be denied as moot.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as MOOT; and

2. Respondent's motion to dismiss (ECF No. 10) be DENIED as MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**fourteen (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 6, 2024**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE